# Presidential Authority to Call a Special Session of Congress

The President has the power, under Article II, Section 3 of the Constitution, to call a special session of the Congress during the current adjournment, in which the Congress now stands adjourned until January 2, 1948, unless in the meantime the President pro tempore of the Senate, the Speaker, and the majority leaders of both Houses jointly notify the members of both houses to reassemble.

October 17, 1947

MEMORANDUM OPINION FOR THE ATTORNEY GENERAL[*]

The question has been raised as to whether the President has authority to call a special session of the Congress in view of Senate Concurrent Resolution 33, pursuant to which the Congress now stands adjourned. That resolution provides that the Congress stands adjourned until January 2, 1948, unless in the meantime the President pro tempore of the Senate, the Speaker, and the majority leaders of both Houses jointly notify the members of both houses to reassemble.

Article II, Section 3 of the Constitution provides that the President

> may, on extraordinary occasions, convene both Houses, or either of them, and in case of disagreement between them, with respect to the time of adjournment, he may adjourn them to such time as he shall think proper.

The following provisions of the Constitution are also pertinent:

> Neither House, during the session of Congress, shall, without the consent of the other, adjourn for more than three days . . . (art. I, § 5, cl. 4).

---

[*] Editor's Note: In the Unpublished Opinions of the Assistant Solicitor General, this memorandum is accompanied by another memorandum from Attorney General Tom Clark to Clark Clifford, dated October 20, 1947, stating as follows: "I attach a memorandum, with which I concur, regarding the present authority of the President to call a special session of the Congress." It appears that Mr. Clifford was serving as Special Counsel to President Truman at the time, a position that later became known as White House Counsel. *See* Jeremy Rabkin, *At the President's Side: The Role of the White House Counsel in Constitutional Policy*, 56 Law & Contemp. Probs. 63, 66 (1993).

The OLC daybook additionally contains a cover memorandum from Assistant Solicitor General Washington to the Attorney General, dated October 17, 1947, stating as follows:

> Clark Clifford called to say that Taft had been quoted as saying that the President had no power to call a special session but that under the resolution of adjournment that power was vested in the majority leaders.

> Under the Constitution I think there is no doubt that the President has the power to call a special session, and the attached memorandum states that conclusion.

The "Taft" to whom the memorandum refers is likely Senator Robert A. Taft of Ohio.

> [T]he Congress shall assemble at least once in every year, and such meeting shall begin at noon on the 3d day of January, unless they shall be law appoint a different day (amend. XX, § 2).

The foregoing provisions appear to contemplate the existence of situations, comparable to the present, in which one or both houses of the Congress may stand adjourned or at recess until a future date other than that appointed by the Constitution or by a duly enacted statute. There is nothing in the Constitution to indicate, nor is there any other basis for believing, that the President's power to convene the Congress on extraordinary occasions depends upon the precise nature of the recess or the adjournment, that is, whether the adjournment is *sine die*, until a day certain, or until the majority leaders of the Congress find it in the public interest to reassemble the two houses.

The important factor would appear to be not the nature of the recess or adjournment but, rather, that the Congress is not in session and that an extraordinary occasion has arisen which requires that it be in session and that it convene, therefore, at a date earlier than it otherwise would. It is beyond question that the two houses of the Congress do not have the power, even by statute, to defeat the constitutional power of the President, under Article II, Section 3, to convene the Congress on such an occasion.

While the motives of the Congress in passing Senate Concurrent Resolution 33 may not be entirely clear, I may say that neither the resolution on its face nor its legislative history indicates a congressional intention to deny this power of the President.

I conclude, therefore, that the President has the power, under Article II, Section 3 of the Constitution, to call a special session of the Congress during the current adjournment.

GEORGE T. WASHINGTON
*Assistant Solicitor General*
